**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

EXHIBIT
1

Gabriel Malouf
Plaintiff

vs.

Case Number 2026-CAB-000530

Rasier, LLC d/ba Rasier-DC, LLC et al
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Kim Brooks-Rodney
Name of Plaintiff's Attorney

1730 Rhode Island Avenue NW Suite 410
Address
Washington, DC 20036

202-955-4529
Telephone

*Clerk of the Court*

By ______________________
Deputy Clerk

Date January 26, 2026

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

Gabriel Malouf
Demandante

contra

Número de Caso: ______________________

Rasier, LLC d/ba Rasier-DC, LLC et al
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

______________________________
Nombre del abogado del Demandante

______________________________
Dirección

______________________________

Por: ______________________________
Subsecretario

______________________________
Teléfono

Fecha ______________________________

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828

[illegible](202) 879-4828 [illegible] የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

**THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
Civil Division

GABRIEL MALOUF
13524 NE 200 Street
Woodinville, WA 98072

Plaintiff,

v.

RASIER, LLC d/b/a RASIER-DC, LLC d/b/a, RASIER-CA, LLC d/b/a RASIER-PA, LLC d/b/a UBER d/b/a UBER TECHNOLOGIES, INC.
1455 Market Street, Suite 400
San Francisco, CA 94103

**Serve:** C T Corporation System
1015 15th Street, NW
Suite 1000
Washington, DC 20005

And

GUELORD LOMBELA
1815 Greenwich Wood Drive Apt.34
Silver Spring, MD 20903

Defendants.

CA No. 2026-CAB-000530
Calendar No.
Judge

**COMPLAINT**

COMES NOW Plaintiff, Gabriel Malouf ("Plaintiff"), by and through the undersigned counsel, and makes this Complaint against Defendant Rasier, LLC d/b/a Rasier-DC, LLC d/b/a Rasier-CA, LLC d/b/a Rasier-PA, LLC d/b/a Uber d/b/a Uber

Technologies, Inc. ("Defendant Rasier"), and Defendant Guelord Lombella ("Defendant Lombela"). In support thereof, Plaintiff states as follows:

**Parties**

1. Plaintiff is an individual who resides at the above address.

2. Defendant Rasier, a common carrier, is a public transportation entity, which is authorized to do, and which does do business in the District of Columbia. Defendant Rasier maintains its principal place of business at the above addresses.

3. Defendant Lombela, upon information and belief, is an adult individual who resides at the above address.

**Jurisdiction**

4. This Court has subject matter jurisdiction over this action pursuant to § 11-921 of the D.C. Code in that the matters alleged herein occurred in the District of Columbia.

5. This Court has personal jurisdiction over Defendant Rasier pursuant to § 13-422 and § 13-423 in that Defendant Rasier through its agent/servant and/or employee caused tortious injury in the District of Columbia by act or omission.

6. This Court has personal jurisdiction over Defendant Lombela pursuant to § 13-422 and § 13-423 in that Defendant Lombela caused tortious injury in the District of Columbia by act or omission.

**Facts**

7. On June 8, 2023, Defendant Lombela was operating a motor vehicle on K Street N.W. at the intersection of 24th Street, N.W. and K Street, N.W.

8. On June 8, 2023, Plaintiff was operating a scooter on 24th Street N.W. at the intersection of 24th Street, N.W. and K Street, N.W.

9. On the same day and at all times relevant, Plaintiff lawfully caused his scooter to enter the intersection of 24th Street, N.W. and K Street, N.W. on a yellow light.

10. On the same day and at all times relevant, Defendant Lombela negligently caused his motor vehicle to enter the intersection of 24th Street, N.W. and K Street, N.W. on a red light and strike the Plaintiff's person and his scooter, which were lawfully in the intersection. Plaintiff's person was violently knocked to the ground.

11. On the same day and all times relevant, Defendant Lombela was operating a motor vehicle while acting as an employee/agent/servant of Defendant Rasier.

12. On the same day and at all times relevant, Defendant Lombela was acting within the course and scope of his employment with Defendant Rasier, furthering the business interest of Defendant Rasier. Defendant Rasier is vicariously liable for the negligent acts and/or omissions of its agent/servant and/or employee, Defendant Lombela, under the theory of Respondeat Superior.

13. The collision between Plaintiff's person and scooter and the motor vehicle operated by Defendant Lombela was due to the violations of law and vicarious negligence of Defendant Rasier through the negligent acts and/or omissions of its employee/servant/agent, Defendant Lombela. The violations of law and vicarious negligence of Defendant Rasier included, but were not limited to, failing to obey a red traffic signal, failing to pay full time and attention, failing to maintain proper control of a vehicle, failing to stop a vehicle to avoid a collision, failing to maintain a proper lookout,

failing to exercise ordinary and reasonable care under the circumstances and failing to exercise the care required by a common carrier/public transportation entity.

14. The collision between Plaintiff's person and scooter and the motor vehicle operated by Defendant Lombela was due to the violations of law and negligence by Defendant Lombela. The violations of law and actual negligence by Defendant Lombela included, but were not limited to, failing to obey a red traffic signal, failing to pay full time and attention, failing to maintain proper control of a vehicle, failing to stop a vehicle to avoid a collision, failing to maintain a proper lookout, failing to exercise ordinary and reasonable care under the circumstances.

15. As a direct and proximate result of the vicarious negligence of Defendant Rasier and the actual negligence of Defendant Lombela, Plaintiff suffered permanent bodily injuries, which include but are not limited to a right ankle tibia compound fracture, right ankle dislocation, and fibular shaft fracture. Plaintiff's permanent injuries required hospitalization, three surgeries, therapy, and follow up orthopedic care. Plaintiff's permanent injuries have caused disfigurement, and will continue to cause, physical and mental pain and suffering. Plaintiff will likely incur extensive future medical treatment. Plaintiff has incurred, and will continue to incur, medical bills, lost wages, reduced earning capacity and related expenses. Plaintiff sustained additional damages including the inability to enjoy the normal functions of life.

**Count I – Negligence of Defendant Rasier**

16. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

17. At all times mentioned herein, Defendant Rasier through its agent/servant and/or employee, Defendant Lombella, had the duty to operate a motor vehicle in a reasonably safe manner, which included, obeying a red traffic signal, paying full time and attention, maintaining proper control of a vehicle, stopping a vehicle to avoid a collision, maintaining a proper lookout, exercising ordinary and reasonable care under the circumstances, and exercising the care required by a common carrier/public transportation entity.

18. In violation of the duty owed, Defendant Rasier's vicarious negligence (acts and/or omissions) was a proximate cause of the motor vehicle accident and Plaintiff's injuries and damages as set forth herein.

19. The above collision, damages and injuries were proximately caused by Defendant Rasier's vicarious negligence (acts and/or omissions), without any contributory negligence on the part of Plaintiff.

**Count II – Negligence of Defendant Lombela**

20. Plaintiff restates and re-alleges each and every allegation set forth above as if fully set forth herein.

21. At all times mentioned herein, Defendant Lombela had the duty to operate a motor vehicle in a reasonably safe manner, which included but was not limited to, obeying a red traffic signal, paying full time and attention, maintaining proper control of a vehicle, stopping a vehicle to avoid a collision, maintaining a proper lookout, exercising ordinary and reasonable care under the circumstances.

22. In violation of the duty owed, Defendant Lombela's negligence (acts and/or omissions) was a proximate cause of the motor vehicle accident and Plaintiff's damages and injuries as set forth herein.

23. The above collision, damages and injuries were proximately caused by Defendant Lombela's negligence, (acts and/or omissions) without any contributory negligence on the part of Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests judgment, jointly and severally, against Defendant Rasier and Defendant Lombela in an amount to be determined at trial but believed to be $5,000,000 (Five Million Dollars) in compensatory damages, plus costs of suit, any allowable pre and post judgment interest, and such other and further relief as this Court deems just and proper.

Dated: January 24, 2026

RESPECTFULLY SUBMITTED,

/s/ Kim Brooks-Rodney

Kim Brooks-Rodney, #405477
COHEN & COHEN, P.C.
1730 Rhode Island Avenue, NW
Suite 410
Washington, DC 20036
(202) 955-4529
kbr@cohenandcohen.net
Attorney for Plaintiff

## Jury Demand

Plaintiff, by and through the undersigned counsel and pursuant to Rule 38 of the District of Columbia Rules of Civil Procedure, hereby demands trial by jury of all issues in this matter.

Dated: January 24, 2026

RESPECTFULLY SUBMITTED,

/s/ Kim Brooks-Rodney

Kim Brooks-Rodney, #405477
COHEN & COHEN, P.C.
1730 Rhode Island Avenue, NW
Suite 410
Washington, DC 20036
(202) 955-4529
kbr@cohenandcohen.net
Attorney for Plaintiff

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

Gabriel Malouf

vs

Rasier, LLC d/b/a Rasier-DC, LLC et al.

Case Number: 2026-CAB-000530

Date: 01/24/26

☐ One of the defendants is being sued in their official capacity.

| Name: *(please print)* Kim Brooks-Rodney | Relationship to Lawsuit |
|---|---|
| Firm Name: Cohen & Cohen, PC | ☑ Attorney for Plaintiff<br>☐ Self (Pro Se)<br>Other: ____ |
| Telephone No.: (202) 955 4529 — Six digit Unified Bar No.: 405477 | |

TYPE OF CASE: ☐ Non-Jury ☑ 6 Person Jury ☐ 12 Person Jury

Demand:$ Five Million Dollars Other: ____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: ____ Judge: ____ Calendar #: ____

Case No.: ____ Judge: ____ Calendar #: ____

NATURE OF SUIT: *(Check One Box Only)*

A. CONTRACTS

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 ____
☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance

COLLECTION CASES

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000 Pltf. Grants Consent

B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102(a)
☐ 03 Destruction of Private Property
☐ 04 Property Damage
☐ 05 Trespass
☐ 06 Traffic Adjudication

C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☑ 04 Automobile-Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud
☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including wrongful death)
☐ 16 Negligence-(Not Automobile, Not Malpractice)
☐ 17 Personal Injury – (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

# INFORMATION SHEET, Continued

| D. OTHERS | | |
|---|---|---|
| I.<br>☐ 01 Accounting<br>☐ 02 Att. Before Judgment<br>☐ 04 Condemnation (Emin. Domain)<br>☐ 05 Ejectment<br>☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent<br>☐ 08 Quiet Title<br>☐ 09 Special Writ/Warrants DC Code § 11-941 | ☐ 10 T.R.O./Injunction<br>☐ 11 Writ of Replevin<br>☐ 12 Enforce Mechanics Lien<br>☐ 16 Declaratory Judgment<br>☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)<br>☐ 18 Product Liability<br>☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (D.C. Code § 16-4315) | ☐ 25 Liens: Tax/Water Consent Granted<br>☐ 26 Insurance/Subrogation Under $25,000 Consent Denied<br>☐ 27 Insurance/Subrogation Over $25,000<br>☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)<br>☐ 26 Merit Personnel Act (OHR)<br>☐ 30 Liens: Tax/Water Consent Denied |
| II.<br>☐ 03 Change of Name<br>☐ 06 Foreign Judgment<br>☐ 13 Correction of Birth Certificate<br>☐ 14 Correction of Marriage Certificate | ☐ 15 Libel of Information<br>☐ 19 Enter Administrative Order as Judgment [D.C. Code § 2-1802.03(h) or 32-1519(a)]<br>☐ 20 Master Meter (D.C. Code § 42-3301, et seq.) | ☐ 21 Petition for Subpoena [Rule 28-I (b)]<br>☐ 22 Release Mechanics Lien<br>☐ 23 Rule 27 (a)(1) (Perpetuate Testimony) |

For individuals not represented by an attorney: ( ) I acknowledge receipt of the Civil Actions Pro Se Handbook.

/s/ Kim Brooks-Rodney
Signature

01/24/26
Date

Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Kim D Brooks-Rodney
Cohen & Cohen PC
1730 Rhode Island Avenue NW Suite 410
Washington DC 20036

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:** GABRIEL MALOUF v. RASIER, LLC et al.

**To:** Kim D Brooks-Rodney **Case Number:** 2026-CAB-000530

**NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE**

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **04/24/2026** at **9:30 AM** in **Remote Courtroom 516**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.
   Link: dccourts.webex.com/meet/ctb516
   Meeting ID: 129 776 4396
2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call (202) 879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office at the telephone number at the top of the first page of this notice. For more information, visit https://www.dccourts.gov/language-access.

Language access is important to the D.C. Courts. You can provide feedback on language services by visiting https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría en el número de teléfono que figura en la parte superior de la primera página de este anuncio. Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች:**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎምላቸው መጠየቅ ይችላሉ። አስተርጓሚ ወይም የጽሑፍ ትርጉም ለመጠየቅ፣ እባክዎን በዚህ ደብዳቤ የመጀመሪያ ገጽ አናት ላይ በተቀመጠው ስልክ ቁጥር የፍርድ ቤቱን መዝገብ ቤት ቢሮን ያናጋግሩ። ለበለጠ መረጃ https://www.dccourts.gov/language-access ላይ ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

eFiled
2/19/2026 11:33:58 AM
Superior Court
of the District of Columbia

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| **GABRIEL MALOUF,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**RAISER, LLC d/b/a Raiser-DC, LLC, et al.,**<br><br>*Defendants.* | **Case No.: 2026-CAB-000530**<br>**Judge Darlene M. Soltys** |

**DEFENDANT RAISER, LLC**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Raiser, LLC, incorrectly named as "Rasier, LLC d/b/a Rasier-DC, LLC d/b/a Rasier-CA, LLC, d/b/a Rasier-PA, LLC, d/b/a Uber, d/b/a Uber Technologies, Inc." ("Defendant), by undersigned counsel, and for its Answer and Grounds of Defense, states as follows:

**FIRST DEFENSE**

Responding *seriatim* to the individually numbered Paragraphs of Plaintiff's Complaint, Defendant states:

**(Alleged) Parties**

1. The allegations contained in Paragraph 1 of Plaintiff's Complaint are not directed against Defendant. Defendant cannot respond for parties other than itself. To the extent an answer is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 1. Accordingly, the allegations are denied and Defendant demands strict proof thereof.

2. The allegations contained in Paragraph 2 of Plaintiff's Complaint set forth legal conclusions to which no response is required. To the extent that further response is required,

Defendant admits only that it is a limited liability company organized under the laws of Delaware with its principal office location in California, and that it is authorized to conduct business in the District of Columbia. Defendant denies that it is a common carrier. Any remaining allegations in Paragraph 2 are denied.

3. The allegations contained in Paragraph 3 of Plaintiff's Complaint are not directed against Defendant. Defendant cannot respond for parties other than itself. To the extent an answer is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations set forth in Paragraph 3. Accordingly, the allegations are denied and Defendant demands strict proof thereof.

**(Alleged) Jurisdiction**

4. The allegations contained in Paragraph 4 are jurisdictional in nature and set forth legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations contained in Paragraph 4, denies it is a proper party to this matter, and denies it is liable to Plaintiff for any alleged damages.

5. The allegations contained in Paragraph 5 are jurisdictional in nature and set forth legal conclusions to which no response is required. To the extent further response is required, Defendant denies the allegations contained in Paragraph 5. Defendant states that Plaintiff has improperly pled conclusions of law regarding agency and control. Defendant denies that Co-Defendant Lombela is, or ever has been, its employee, agent, servant, partner, or joint venturer. Defendant denies that it owned, or ever have owned, any vehicle driven by Co-Defendant Lombela. Defendant denies any remaining allegations in Paragraph 5, denies it is a proper party to this matter, and denies it is liable to Plaintiff for any alleged damages.

6. The allegations contained in Paragraph 6 are jurisdictional in nature and set forth legal conclusions to which no response is required and are not directed against Defendant. Defendant cannot respond for parties other than itself. To the extent further response is required, Defendant denies the allegations contained in Paragraph 6.

**(Alleged) Facts**

7. The allegations contained in Paragraph 7 of Plaintiff's Complaint are not directed against Defendant. Defendant cannot respond for parties other than itself. To the extent an answer is required, Defendant maintains that it can neither confirm nor deny the truth of the allegations in Paragraph 7 and therefore deny the allegations and demand strict proof thereof.

8. The allegations contained in Paragraph 8 of Plaintiff's Complaint are not directed against Defendant. Defendant cannot respond for parties other than itself. To the extent an answer is required, Defendant maintains that it can neither confirm nor deny the truth of the allegations in Paragraph 8 and therefore deny the allegations and demand strict proof thereof.

9. The allegations contained in Paragraph 9 set forth legal conclusions to which no response is required. The allegations contained in Paragraph 9 of Plaintiff's Complaint are not directed against Defendant. Defendant cannot respond for parties other than itself. To the extent an answer is required, Defendant maintains that it can neither confirm nor deny the truth of the allegations in Paragraph 9 and therefore deny the allegations and demand strict proof thereof.

10. The allegations contained in Paragraph 10 set forth legal conclusions to which no response is required. The allegations contained in Paragraph 10 of Plaintiff's Complaint are not directed against Defendant. Defendant cannot respond for parties other than itself. To the extent an answer is required, Defendant maintains that it can neither confirm nor deny the truth of the allegations in Paragraph 10 and therefore deny the allegations and demand strict proof thereof.

11. Paragraph 11 sets forth legal conclusions to which no response is required. To the extent that further response is required, Defendant states that Plaintiff has improperly pled conclusions of law regarding agency and control. Defendant denies that Co-Defendant Lombela is, or ever has been, its employee, agent, servant, partner, or joint venturer. Defendant denies that it owned, or ever has owned, any vehicle involved in the subject collision. The allegations in Paragraph 11 denied.

12. Paragraph 12 sets forth legal conclusions to which no response is required. To the extent that further response is required, Defendant states that Plaintiff has improperly pled conclusions of law regarding agency and control. Defendant denies that Co-Defendant Lombela is, or ever has been, its employee, agent, servant, partner, or joint venturer. Defendant denies that it owned, or ever has owned, any vehicle involved in the subject collision. The allegations in Paragraph 12 denied.

13. Paragraph 13 sets forth legal conclusions to which no response is required. To the extent that further response is required, Defendant states that Plaintiff has improperly pled conclusions of law regarding agency and control. Defendant denies that Co-Defendant Lombela is, or ever has been, its employee, agent, servant, partner, or joint venturer and further denies it is liable to Plaintiff under vicarious liability or any other theory. Defendant denies that it owned, or ever has owned, any vehicle involved in the subject collision. Any remaining allegations in Paragraph 13 denied and strict proof is demanded.

14. The allegations contained in Paragraph 14 of Plaintiff's Complaint are not directed against Defendant. Defendant cannot respond for parties other than itself. To the extent an answer is required, the allegations contained in Paragraph 14 are legal conclusions to which no response is required. To the extent there are any allegations of fact remaining, Defendant maintains that it

can neither confirm nor deny the truth of the allegations in Paragraph 14 and therefore deny the allegations and demand strict proof thereof.

15. Paragraph 15 sets forth legal conclusions to which no response is required. To the extent that further response is required, Defendant states that Plaintiff has improperly pled conclusions of law regarding agency and control. Defendant denies that Co-Defendant Lombela is, or ever has been, its employee, agent, servant, partner, or joint venturer and further denies it is liable to Plaintiff under vicarious liability or any other theory. Defendant denies that it owned, or ever has owned, any vehicle involved in the subject collision. Any remaining factual allegations in Paragraph 15 denied and strict proof is demanded.

**Count I – (Alleged) Negligence of Defendant Raiser LLC**

16. Defendant incorporates by reference its response to Paragraphs 1-15 of Plaintiff's Complaint as if fully set forth herein.

17. Paragraph 17 sets forth legal conclusions to which no response is required. To the extent that further response is required, Defendant states that Plaintiff has improperly pled conclusions of law regarding agency and control. Defendant denies that Co-Defendant Lombela is, or ever has been, its employee, agent, servant, partner, or joint venturer. Defendant denies that it owned, or ever has owned, any vehicle involved in the subject collision. To the extent an answer is required, the allegations in Paragraph 17 denied.

18. Paragraph 18 sets forth legal conclusions to which no response is required. To the extent that further response is required, Defendant denies the allegations in Paragraph 18.

19. Paragraph 19 sets forth legal conclusions to which no response is required. To the extent that further response is required, Defendant denies the allegations in Paragraph 19.

**Count II – (Alleged) Negligence of Defendant Lombela**

20. Defendant incorporates by reference its response to Paragraphs 1-19 of Plaintiff's Complaint as if fully set forth herein.

21. The allegations contained in Paragraph 21 of Plaintiff's Complaint are not directed against Defendant. Defendant cannot respond for parties other than itself. To the extent an answer is required, the allegations contained in Paragraph 21 are legal conclusions directed to co-defendant Lombela to which no response is required. To the extent there are any allegations of fact remaining, Defendant maintains that it can neither confirm nor deny the truth of the allegations in Paragraph 21 and therefore deny the allegations and demand strict proof thereof.

22. The allegations contained in Paragraph 22 of Plaintiff's Complaint are not directed against Defendant. Defendant cannot respond for parties other than itself. To the extent an answer is required, the allegations contained in Paragraph 22 are legal conclusions directed to co-defendant Lombela to which no response is required. To the extent there are any allegations of fact remaining, Defendant maintains that it can neither confirm nor deny the truth of the allegations in Paragraph 22 and therefore deny the allegations and demand strict proof thereof.

23. The allegations contained in Paragraph 23 of Plaintiff's Complaint are not directed against Defendant. Defendant cannot respond for parties other than itself. To the extent an answer is required, the allegations contained in Paragraph 23 are legal conclusions directed to co-defendant Lombela to which no response is required. To the extent there are any allegations of fact remaining, Defendant maintains that it can neither confirm nor deny the truth of the allegations in Paragraph 23 and therefore deny the allegations and demand strict proof thereof.

To the extent that "WHEREFORE" Paragraph of Plaintiff's Complaint sets forth any allegations, all such allegations are denied. Defendant expressly denes that it owes Plaintiff in the amount sought or in any amount, or for any reason whatsoever.

**SECOND DEFENSE**

Any allegations not specifically admitted herein are denied and strict proof is demanded.

**THIRD DEFENSE**

Defendant did not owe the duties alleged in Plaintiff's Complaint to Plaintiff.

**FOURTH DEFENSE**

Defendant's acts or omissions, if any, were not a proximate cause of Plaintiff's alleged damages.

**FIFTH DEFENSE**

The injuries or damages sustained by Plaintiff may be the result of circumstance or actions over which Defendant had no prior knowledge, authority, and/or control.

**SIXTH DEFENSE**

Plaintiff's injuries and damages, if any, may be results of others over whom Defendant had no control and no right of control.

**SEVENTH DEFENSE**

Defendant states that Co-Defendant Lombela was an independent contractor, and was not the agent, employee, servant, apparent agent, or joint venture partner of Defendant, and there is no basis for *respondeat superior* or vicarious liability as to Defendant. Co-Defendant Lombela was an independent contractor responsible for his own means and methods, and Defendant cannot be held vicariously liable for his acts.

**EIGHTH DEFENSE**

Defendant denies that any vehicle involved in the accident alleged by Plaintiff was owned, leased, or operated by it and/or any of its agents and employees.

**NINTH DEFENSE**

Defendant is informed and believes, and therefore alleges, that Co-Defendant Lombela is contractually obligated to defend, indemnify, and hold Defendant harmless for all claims asserted by Plaintiff.

**TENTH DEFENSE**

Defendant reserves the right to argue that Plaintiff failed to mitigate his injuries and damages, if any.

**ELEVENTH DEFENSE**

Defendant reserves the right to argue that Plaintiff contributory negligence caused or contributed to his injuries and damages, if any.

**TWELFTH DEFENSE**

Defendant reserves the right to amend its Answer and assert any other defense which may be warranted as discovery proceeds in this action.

WHEREFORE Defendant Raiser LLC, incorrectly named as "Rasier, LLC d/b/a Rasier-DC, LLC d/b/a Rasier-CA, LLC, d/b/a Rasier-PA, LLC, d/b/a Uber, d/b/a Uber Technologies, Inc.." respectfully request that this Honorable Court dismiss Plaintiff's Complaint with prejudice and grant it such other relief it deems just and proper.

Dated: February 19, 2026

Respectfully submitted,

**RAISER LLC**
By Counsel:

WILSON, ELSER, MOSKOWITZ
EDELMAN & DICKER LLP

Stephen Fowler (DC Bar # 478246)
Peter Moore (DC Bar # 985713)
8444 Westpark Drive, Suite 510
McLean, VA 22102-5102
Tel.: 703-245-9300
Fax: 703-245-9301
stephen.fowler@wilsonelser.com
peter.moore@wilsonelser.com
*Counsel for Raiser, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th day of February, 2026, I will electronically file the foregoing with the Clerk of Court via eFile DC, which will then send notification of such filing to all counsel of record:

Kim Brooks-Rodney
COHEN & COHEN, PC
1730 Rhode Island Ave, NW
Suite 410
Washington, DC 20036
(202) 955-4529
kbr@cohenandcohen.net
*Counsel for Plaintiff*

Stephen T. Fowler